# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| **LILLIAN LYNETTE MEJIA and MELANIE BREVIS,** | **CIVIL ACTION NO.: 6:23-cv-00307** |
| *Plaintiffs* | |
| | **JUDGE SUMMERHAYS** |
| **versus** | |
| **LAFAYETTE CONSOLIDATED GOVERNMENT and ROBERT JUDGE** | **MAG. JUDGE AYO** |
| *Defendants* | |

---

**MEMORANDUM IN SUPPORT OF LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

i

# TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................ iv

I.      Factual and Procedural Background ....................................................... 1

II.     Reasons the Plaintiffs Fail State a Claim Against the City Parish
        for Which Relief Can Be Granted ............................................... 4

        A.    The Standard Under Rule 12(b)(6) ............................. 4

        B.    Plaintiffs Fail to State a Claim Against the City-Parish
              Under §1983 ................................................................. 5

              i.      The Plaintiffs do not plausibly allege any promulgated
                      policy or affirmative act. ................................ 5

              ii.     The Plaintiffs do not plausibly allege any *de facto* policy. ............... 7

              iii.    Plaintiffs do not plausibly allege a deliberate indifference/failure
                      to train claim under §1983 ............................. 9

              iv.     There is no vicarious liability under §1983.  ................. 11

              v.      Plaintiffs do not plausibly allege the "moving force" element. ...... 12

              vi.     Dismissal of this claim with prejudice is warranted. ..................... 13

        C.    Plaintiffs Fail to State a Claim Against the City-Parish for Violation
              of the Louisiana Open Meetings Law ....................................... 14

        D.    Plaintiffs Fail to State a Claim Against the City-Parish for Declaratory
              Relief ................................................................................. 16

        E.    Plaintiffs Fail to State a Claim Against the City-Parish for Prohibitory
              Injunctive Relief ............................................................... 16

        F.    Plaintiffs Fail to State a Claim Against the City-Parish for Mandatory
              Injunctive Relief ............................................................... 18

        G.    Plaintiffs Fail to State a Claim Against the City-Parish for Compensatory
              Damages ............................................................................. 18

#101140637v2

H.      Plaintiffs Fail to State a Claim Against the City-Parish for Attorneys'
        Fees and Costs ............................................................................................. 19

I.      Plaintiffs Have No Cause of Action for Punitive Damages Against the
        City-Parish ................................................................................................... 20

III.    Conclusion ........................................................................................................ 21

Certificate of Service ................................................................................................. 22

iii

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Alexander v. City Police of Lafayette*, 2021 U.S. Dist. LEXIS 183464, at *10-11
(W.D.La. Sep. 23, 2021) ..................................................... 20

*Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979) ..................................................... 11

*Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137
L.Ed.2d 626, 639 (1997) ..................................................... 6

*Belcher v. Lopinto*, 492 F.Supp.3d 636, 648 (E.D.La. 2020) ..................................................... 7, 8

*Bell Atlantic Corp. v. Twombly*, 554 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d ..................................................... 4

*BJZJ, LLC v. Mt. Hawley Ins. Co.*, 593 F.Supp.3d 461, 464 (W.D.LA. 2022) ..................................................... 5

*Bonner v. City of Sweeny*, 2018 U.S. Dist. LEXIS 202388, at *6
(S.D.Tex. Nov. 8, 2018) ..................................................... 6

*Burge v. Par. of St. Tammany*, 187 F.3d 452, 471 (5th Cir. 1999) ..................................................... 6

*Connick v. Thompson*, 563 U.S. 51, 61, 131 St. Ct. 1350, 1359, 179 L.Ed.2d
417, 426 (2011) ..................................................... 10

*Covington v. City of Madisonville*, 2022 U.S. Dist. LEXIS 99651, at *10-11
(S.D.Tex. June 2, 2022) ..................................................... 6

*Davidson v. AT&T Mobility, LLC*, 2018 U.S. Dist. LEXIS 46199, at *16
(N.D.Tex. Mar. 21, 2018) ..................................................... 11

*Delacruz v. City of Port Arthur*, 2019 U.S. Dist. LEXIS 41298, at *39
(E.D.Tex. Mar. 14, 2019) ..................................................... 10

*Douglas v. St. John the Baptist Par. Library Bd. of Control*, 2021 U.S. Dist. LEXIS
117987, at *2-4 (E.D.La. June 23, 2021) ..................................................... 9

*Duplechain v. State Farm Fire & Cas. Co.*, 594 F.Supp.3d 729, 732 (W.D.La. 2022) ....... 8

*Dyas v. City of Shreveport*, 2017 U.S. Dist. LEXIS 138542, at *11
(W.D.La. Aug. 25, 2017) ..................................................... 9

*Easter v. Caldwell*, 2015 U.S. Dist. LEXIS 35239, at *21 (W.D.La. Mar. 20, 2015) ........ 10

iv

*Evans v. Creola*, 2019 U.S. Dist. LEXIS 25411, at *12 (W.D.La. Jan. 22, 2019) ............... 5

*Frierson v. City of Terrell*, 2005 U.S. Dist. LEXIS 15662, at *2-3 (N.D.Tex. Aug. 1, 2005) ..................................................... 19

*Goodley v. Reno*, 1996 U.S. App. LEXIS 44740, at *2 (5th Cir. Mar. 1, 1996) ............... 14

*Grech v. Clatyon Cty.*, 335 F.3d 1326, 1329 (11th Cir. 2003) ...................................... 5, 12

*Groden v. City of Dall.*, 826 F.3d 280, 284 (5th Cir. 2016) .................................................. 5

*Guerrero v. Hauck*, 502 F.2d 579, 580 (5th Cir. 1974) ...................................................... 14

*Harris v. Monroe County Public Library Board of Trustees*, 2020 U.S. Dist. LEXIS 91200, at *16-17 (S.D.Ala. May 22, 2020) ......................................................... 13

*Huff v. Refugio Cty. Sheriff's Dep't*, 2013 U.S. Dist. LEXIS 146204, at *18 (S.D.Tex. Oct. 9, 2013) ................................................... 11

*ITT Educ. Servs. v. Arce*, 533 F.3d 342, 347 (5th Cir. 2008) ............................................ 17

*Muniz v. Orange Cty.*, 2023 U.S. Dist. LEXIS 52147, at *10 n2 (S.D.N.Y. Mar. 27, 2023) .................................................... 5

*Newport v. Fact Concerts*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) ........... 20

*Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ........................................................... 11

*Ortego v. W. Am. Ins. Co.*, 2022 U.S. Dist. LEXIS 54123, at *5 (W.D.La. Mar. 24, 2022) .................................................. 4

*Paternostro v. Crescent City Connection Police Dep't*, 2002 U.S. Dist. LEXIS 28835, at *47 (E.D.La. Apr. 2, 2002) ................................................. 18

*Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 938 (5th Cir. 1996) ......................... 19

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 479, 106 S.Ct. 1292, 1298, 89 L.Ed.2d. 452, 463 (1986) .................................................... 5

*Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) ...................................... 5

*Porter v. Epps*, 659 F.3d 440, 447 (5th Cir. 2011) ........................................................... 10

*Republic Ins. Co. v. Hous. Auth. of New Orleans*, 2013 U.S. Dist. LEXIS 64386, at *31-32 (E.D.La. May 2, 2013) .................................................. 17

v

*Rushing v. Se. La. Univ.*, 22-0032 (La.App. 1 Cir. 9/16/22), 2022 La. App. Unpub. LEXIS 126 .................................................................................................. 15

*Ryland v. Shapiro*, 708 F.2d 967, 976 (5th Cir. 1983) ........................................ 19

*Santamaria v. Dall. Indep. Sch. Dist.*, 2006 U.S. Dist. LEXIS 83417, at *161 (N.D.Tex. Nov. 16, 2006) ................................................................................... 19

*Skinner v. Ard*, 519 F.Supp.3d 301, 316 (M.D.La. 2021) ................................... 11

*Stevens v. Hayes*, 2012 U.S. Dist. LEXIS 91297, at *5 n.3 (W.D.Tex. July 2, 2012) ........ 10

*Stockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994) ........................................ 18

*Tutrix v. Travis*, 595 F.Supp.3d 488, 504 (M.D.La. 2022) ................................... 11

*Ulrich v. Scott*, 2015 U.S. Dist. LEXIS 37223, at *13 (W.D.La. Mar. 24, 2015) ............... 8

**Statutes**

42 U.S.C. §1983 .......................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ........................................................................... 1, 4, 14

La. Rev. Stat. §§25:200-25:221.1 ................................................................... 8

La. Rev. Stat. ann. §25:211 ........................................................................... 8

La. Rev. Stat. ann. §25:214 ........................................................................... 8

La. Rev. Stat. ann. §25:215 ......................................................................... 12

La. Rev. Stat. ann. §25:215(A) .................................................................. 8, 12

La. Rev. Stat. §42:11, *et seq.* ................................................................... 1, 14

La. Rev. Stat. §42:14 .................................................................................. 14

La. Rev. Stat. §42:17(C) ............................................................................. 14

La. Rev. Stat. §42:26(C) ............................................................................. 20

La. Rev. Stat. §42:28 .................................................................................. 15

**Other Authorities**

La. Atty. Gen. Op. No. 01-29 ........................................................................... 12

La. Atty. Gen. Op. No. 08-119 ......................................................................... 12

La. Atty. Gen. Op. No. 1983-766 ....................................................................... 9

La. Atty. Gen. Op. No. 1990-607 ..................................................................... 14

La. Atty. Gen. Op. No. 16-0163 ......................................................................... 8

La. Atty. Gen. Op. No. 81-1251A .................................................................... 8

La. Atty. Gen. Op. No. 95-452 ......................................................................... 12

#101140637v2

Defendant, Lafayette City-Parish Consolidated Government, erroneously identified in the Complaint herein as "Lafayette Consolidated Government" (the "City-Parish"), in support of its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), respectfully submits that this Court should grant the motion and dismiss, with prejudice, all of the claims raised against it by the plaintiffs, Lillian Lynette Mejia ("Mejia") and Melanie Brevis ("Brevis") (collectively, "Plaintiffs"), for the reasons:

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint against the City-Parish and its co-defendant Robert Judge ("Mr. Judge") on March 7, 2023.[1] The City-Parish was served with the Complaint on March 10, 2023.[2]

In their Complaint, the Plaintiffs allege[3] that Mr. Judge, in his role as the President of the Lafayette Public Library Board of Control (the "Library Board"), instituted and enforced certain policies which, Plaintiffs allege, violated their rights under the United States Constitution and the Louisiana Open Meetings Law, La. Rev. Stat. §42:11, *et seq*.[4] Plaintiffs seek declaratory and injunctive relief as well as damages against the City-Parish and Mr. Judge for these alleged violations, pursuant to 42 U.S.C. §1983 and the Louisiana Open Meetings Law.[5]

---

[1] R. Doc. 1.

[2] R. Doc. 6.

[3] The City-Parish does not concede the truth or veracity of the various facts alleged in the Complaint, and specifically reserves its right to deny or otherwise object to the facts alleged by Plaintiffs, if the City-Parish eventually has to file an answer in response to the Complaint.

[4] R. Doc. 1, ¶ 1.

[5] R. Doc. 1, ¶ 2.

1

Notably, none of the violations of the Plaintiffs' rights under the United States Constitution or the Louisiana Open Meetings Law alleged in the Plaintiffs' Complaint are alleged to have been perpetrated by the City-Parish or any member thereof. The Plaintiffs instead allege that these violations occurred as a result of Mr. Judge's alleged affirmative acts while presiding as the President of the Library Board.[6]

Further, Counts One through Four of the Plaintiffs' Complaint allege that the policies of the Library Board are unconstitutional as written, for a variety of alleged reasons, and as applied to the Plaintiffs.[7] Nowhere in Counts One through Four do the Plaintiffs allege that any policy of the City-Parish is unconstitutional, either as written or as applied to the Plaintiffs. In fact, nowhere in these Counts do the Plaintiffs even allege that a City-Parish policy has been applied against them.

In Count Five of the Complaint, the Plaintiffs allege that Mr. Judge, while acting under the color of law, took adverse retaliatory action against plaintiff Brevis.[8] Here again, this Count contains no allegation of any action taken by the City-Parish, let alone any retaliatory action taken by the City-Parish against either Plaintiff.

In Count Six of the Complaint, the Plaintiffs allege that plaintiff Brevis' rights under the Louisiana Open Meetings Law were violated when she was ejected from a Lafayette Library Board of Control Meeting.[9] Plaintiffs do not alleged in this Count that either of the Plaintiffs were ejected

---

[6] R. Doc. 1, ¶¶ 9-39.

[7] R. Doc. 1, ¶¶ 41-64.

[8] R. Doc. 1, ¶¶ 65-67.

[9] R. Doc. 1, ¶¶ 68-71.

2

from a meeting of the City-Parish, or any committee or subcommittee thereof, or that the City-Parish in some other way violated the Louisiana Open Meetings Law.

Plaintiffs appear to premise their claims against the City-Parish in this lawsuit on the following singular allegation:[10]

> 7.
>
> Defendant Lafayette Consolidated Government ("LCG") is a juridical entity capable of suing and being sued. It is comprised of the Lafayette Parish and City Councils. The Parish Council appoints and supervises members of the Lafayette Public Library Board of Control, including Defendant Judge, and as such it is ultimately final policymaker as to the policies and practices thereof. Defendant LCG has not taken any action to correct the unconstitutional policies and practices at issue herein, or to protect the First Amendment rights of its citizens. Lafayette Consolidated Government is sued for declaratory and injunctive relief, as well as for nominal and compensatory damages.

Plaintiffs pray for: (i) declaratory relief stating that "Defendants'" policies and practices violate the First Amendment and the Louisiana Open Meetings Law; (ii) injunctive relief prohibiting "Defendants" from enforcing "the policies and practices outlined [in the Complaint]" which allegedly violate the First Amendment and the Louisiana Open Meetings Law; (iii) injunctive relief "ensuring adequate training of the [City-Parish] and the [Library Board] on the First Amendment rights of speakers in public meeting and on government obligations under the Louisiana Open Meetings Laws"; (iv) an award of nominal and compensatory damages against

---

[10] R. Doc. 1, ¶ 7.

#101140637v2

"Defendants"; (v) an award of punitive damages against Mr. Judge; and (vi) an "[a]ward of attorneys' fees and costs."[11]

## II.    REASONS THE PLAINTIFFS FAIL STATE A CLAIM AGAINST THE CITY-PARISH FOR WHICH RELIEF CAN BE GRANTED

### A.    The Standard Under Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate when a complaint fails to state a legally cognizable claim."[12] "In other words, a Rule 12(b)(6) motion admits the facts alleged in the complaint, but challenges plaintiff's right to relief based on those facts."[13] "'While a complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"[14] The plaintiff must plead sufficient facts to state a claim for relief which is plausible on its face.[15]

"When deciding a Rule 12(b)(6) motion, the court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."[16] "However, this tenant does not apply

---

[11] R. Doc. 1, p. 14.

[12] *Ortego v. W. Am. Ins. Co.*, 2022 U.S. Dist. LEXIS 54123, at *5 (W.D.La. Mar. 24, 2022) (Summerhays, J.).

[13] *Id.* (internal quotation marks omitted).

[14] *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 554 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[15] *Id.*

[16] *Id.* (internal quotation marks and other punctuation omitted).

to conclusory allegations, unwarranted deductions, or legal conclusions couched as factual allegations, as such assertions do not constitute 'well-pleaded facts.'"[17]

### B.    Plaintiffs Fail to State a Claim Against the City-Parish Under §1983

Plaintiffs fail to state a plausible claim for relief against the City-Parish under §1983. "The Supreme Court has placed strict limitation on municipal liability under §1983."[18] "[M]unicipal liability under §1983 is limited to action for which the municipality is actually responsible."[19] "Municipal liability under section 1983 requires proof of three elements: (1) a policy maker, (2) an official policy; and (3) a violation of constitutional rights whose 'moving' force is the policy or custom."[20] Here, Plaintiffs have alleged none of these essential elements.

### i.    The Plaintiffs do not plausibly allege any promulgated policy or affirmative act.

In order to satisfy the "policymaker" prong of a §1983 claim, a plaintiff is not required to identify a specific policymaker by name, but must, at minimum, "allege facts that show an official policy, promulgated or ratified by the policymaker, under which the municipality is said to be liable."[21] Accordingly, recent §1983 jurisprudence in the Fifth Circuit has tended to approach the

---

[17] *BJZJ, LLC v. Mt. Hawley Ins. Co.*, 593 F.Supp.3d 461, 464 (W.D.La. 2022) (Summerhays, J.).

[18] *Grech v. Clayton Cty.*, 335 F.3d 1326, 1329 (11th Cir. 2003). It bears noting that the §1983 jurisprudence does not distinguish between county equivalents and municipalities when using the umbrella term "municipality." *See, e.g., Muniz v. Orange Cty.*, 2023 U.S. Dist. LEXIS 52147, at *10 n2 (S.D.N.Y. Mar. 27, 2023) ("Plaintiff cannot assert a Section 1983 claim against a municipality like Orange County without alleging that a municipal policy or custom existed[.]").

[19] *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452, 463 (1986).

[20] *Evans v. Creola*, 2019 U.S. Dist. LEXIS 25411, at *12 (W.D.La. Jan. 22, 2019) (Perez-Montes, J.) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

[21] *Groden v. City of Dall.*, 826 F.3d 280, 284 (5th Cir. 2016).

5

"policymaker" and "policy" prongs in a single analysis.[22] Here Plaintiffs fail to identity a policy or custom of the City-Parish that caused their alleged injuries.[23]

"The 'official policy' requirement may be met in at least three different ways: (1) When the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy; (2) Where no 'official policy' was announced or promulgated but the action of the policymaker itself violated a constitutional right; and (3) Even when the policymaker fails to act affirmatively at all, if the need to take some action to control the agents of the local governmental entity is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need."[24] Here, Plaintiffs have not alleged (i) that the City-Parish promulgated any policy that caused the alleged violations of their rights in its implementation, or (ii) that the alleged violations of their rights were occasioned by an affirmative act of the City-Parish.

Fundamentally, it is not policies promulgated and implemented by the City-Parish that the Plaintiffs allege resulted in the alleged violation of their rights. The Plaintiffs instead allege that Mr. Judge, in his role as President of the Library Board, "instituted a raft of unconstitutional

---

[22] *See, e.g., Bonner v. City of Sweeny*, 2018 U.S. Dist. LEXIS 202388, at *6 (S.D.Tex. Nov. 8, 2018); *see also Covington v. City of Madisonville*, 2022 U.S. Dist. LEXIS 99651, at *10-11 (S.D.Tex. June 2, 2022).

[23] *Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626, 639 (1997) ("[W]e have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury.").

[24] *Burge v. Par. of St. Tammany*, 187 F.3d 452, 471 (5th Cir. 1999) (internal citations and punctuation omitted).

#101140637v2

policies and practices[,]"[25] and that Mr. Judge "has used these policies to engage in content discrimination and viewpoint discrimination."[26] Plaintiffs allege that it was Mr. Judge who ordered Brevis ejected from the January 9, 2023 meeting of the Library Board in enforcement of these policies.[27] Plaintiffs quite simply do not allege that the complained of policy is attributable to the City-Parish. "Indeed, if a complained-of policy cannot be attributed to the Parish, then the Parish cannot be held liable as a policymaker."[28]

Here, the allegations of the Complaint simply cannot be read to state a claim under §1983 against the City-Parish based on its promulgation of any policy or any affirmative act on its part. Further, as discussed below, to the extent that Plaintiffs adequately allege that Mr. Judge's acts violated their rights, the City-Parish cannot be held vicariously liable for any act on his part.

ii.    The Plaintiffs do not plausibly allege any *de facto* policy.

Having failed to allege any promulgated policy of, or affirmative action on the part of, the City-Parish, the only "policy" that the Complaint can possibly be alleging is a *de facto* policy of non-action.[29] However, to plausibly allege a *de facto* policy of non-action, Plaintiffs must explain how the complained of violations were a result of the City-Parish's *de facto* policy of non-action,

---

[25] R. Doc. 1, ¶ 8.

[26] R. Doc. 1, ¶ 27.

[27] R. Doc. 1, ¶¶ 32-36.

[28] *Belcher v. Lopinto*, 492 F.Supp.3d 636, 648 (E.D.La. 2020).

[29] R. Doc. 1, ¶ 7 ("[The City-Parish] has not taken any action to correct the unconstitutional policies and practices at issue herein[.]").

7

and not the result of the deficient policies or practices of the Library Board,[30] Plaintiffs here fail to demonstrate how any action on the part of the City-Parish could have prevented the alleged violations, as they have not alleged the City-Parish has any authority to dictate the policies of the Library Board,[31] and, in fact, the City-Parish does not possess this authority.[32]

La. Rev. Stat. ann. §25:211 grants parishes and other municipal corporations in Louisiana with the authority to establish public libraries. La. Rev. Stat. ann. §25:214 provides that parishes establishing public libraries shall establish a public library board of control. La. Rev. Stat. ann. §25:215(A) provides that the established library board "**shall have authority to establish rules and regulations for its own government and that of the library not inconsistent with the law**[.]"[33] The Louisiana Attorney General has interpreted "rules and regulations for its own

---

[30] *Belcher*, 429 F. Supp. 3d at 649 (holding that in order to adequately allege a *de facto* policy of non-action a § 1983 plaintiff must show how the alleged policy of non-action of the one entity was the cause of the alleged violation, rather than an affirmative policy of another).

[31] Plaintiffs do allege that the City-Parish is the "ultimate policymaker" of the policies of the Board, and that the City-Parish has not taken "any action to correct the unconstitutional practices" of the Board. R. Doc. 1, ¶ 7. These allegations amount to a legal conclusion (the conclusion that the City-Parish has the legal authority to set policy for the Board) couched as conclusory factual allegations. These allegations are not entitled to any presumption of truth when adjudicating this motion. *See Ulrich v. Scott*, 2015 U.S. Dist. LEXIS 37223, at *13 (W.D.La. Mar. 24, 2015) (Hicks, J.) ("[T]his Court is not bound to accept as true legal conclusions couched as factual allegations."); *see also Duplechain v. State Farm Fire & Cas. Co.*, 594 F.Supp.3d 729, 732 (W.D.La. 2022) (Summerhays, J.) (the concept that all factual allegations must be taken as true "does not apply to conclusory allegations, unwarranted deductions, or legal conclusions couched as factual allegations, as such assertions do not constitute 'well-pleaded' facts.").

[32] *See* La. Atty. Gen. Op. No. 16-0163 ("The duties and powers of the Library Board are specifically defined by La. R.S. 25:215(A) and La. R.S. 25:200 - 25:221.1. Based upon the legal limitations provided by those statutes, it is our opinion that the Library Board's management of the library itself may supersede the authority of the Police Jury in the mattes explicitly stated in La. R.S. 25:215, *et seq*."); *see also* La. Atty. Gen. Op. No. 81-1251A ("[I]t is the opinion of this office that the Legislature has preempted this area and that the Board of Control and not the Policy Jury, has governing authority over the Parish Library and its employees.").

[33] Emphasis supplied.

government and that of the library" to include "such rules and regulations necessary for **the conduct of board meetings**, establishment of library hours, circulation and lending policies, acquisition of new books, fines for overdue books, educational programs, and such other internal matters usually associated with the operation of a library[.]"[34] Section 54-2 of the City-Parish Code of Ordinances further provides in establishing the Library Board that it "shall have authority to establish rules and regulations for its own government and that of the library and/or its branches not inconsistent with the law[.]"

These statutes and ordinances do not make the Library Board's power and authority to establish rules and regulations for its governance subject to the review, approval or oversight of the City-Parish. Quite simply, the City-Parish cannot be alleged to have had a *de facto* policy of non-action with regard to correcting "the unconstitutional policies and practices" of the Library Board and/or Mr. Judge, when it had no authority to act to correct them in the first place.[35]

> ### iii.    Plaintiffs do not plausibly allege a deliberate indifference/failure to train claim under §1983.

If given a generous reading, Plaintiffs could possibly be alleging that the City-Parish is liable under §1983 based on a theory of deliberate indifference or "failure to train." However, even under that generous reading, Plaintiffs' Complaint does not state a plausible claim against the City-Parish under such a theory, because Plaintiffs have failed to allege (i) a duty on the part of the

---

[34] La. Atty. Gen. Op. No. 1983-766 (emphasis supplied).

[35] *See, e.g., Dyas v. City of Shreveport*, 2017 U.S. Dist. LEXIS 138542, at *11 (W.D.La. Aug. 25, 2017) (Foote, J.) (dismissing with prejudice § 1983 claims against the City of Shreveport and Caddo Parish arising from allegations of discrimination, harassment and retaliatory action by library employees, finding no City or Parish policy alleged); *see also Douglas v. St. John the Baptist Par. Library Bd. of Control*, 2021 U.S. Dist. LEXIS 117987, at *2-4 (E.D.La. June 23, 2021) (dismissing library employees hostile work environment claim against parish after plaintiff conceded that parish's argument that did not control the action of the library board well founded).

9

City-Parish to train Mr. Judge and/or the other members of the Library Board, and (ii) any similar violations by other untrained officials of the City-Parish so as to establish any deliberate indifference on the part of the City-Parish.

Although sometimes asserted as such, "deliberate indifference" is not in fact a separate claim under §1983, but is instead a standard of fault applied to "failure to train" claims under §1983.[36] "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizen's rights may rise to the level of an official government policy for purposes of §1983."[37] "The failure to train, however, must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact."[38] The municipal body must have actual or constructive notice that a particular omission in their training program causes employees to violate the constitutional rights of citizens yet choose to retain that training program.[39] "A pattern of similar constitutional violation by untrained employees is ordinarily necessary to demonstrate deliberate indifference, because without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."[40]

Here, Plaintiffs have made no allegation that the City-Parish has any duty to, or did actually, train Mr. Judge. Mr. Judge is not an employee of the City-Parish. Absent any allegation

---

[36] *Stevens v. Hayes*, 2012 U.S. Dist. LEXIS 91297, at *5 n.3 (W.D.Tex. July 2, 2012).

[37] *Connick v. Thompson*, 563 U.S. 51, 61, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417, 426 (2011).

[38] *Delacruz v. City of Port Arthur*, 2019 U.S. Dist. LEXIS 41298, at *39 (E.D.Tex. Mar. 14, 2019) (internal quotation marks and punctuation omitted).

[39] *Easter v. Caldwell*, 2015 U.S. Dist. LEXIS 35239, at *21 (W.D.La. Mar. 20, 2015) (Foote, J.).

[40] *Porter v. Epps*, 659 F.3d 440, 447 (5th Cir. 2011) (internal quotation marks and punctuation omitted).

10

that the City-Parish had a duty to train Mr. Judge, it cannot reasonably be alleged to have failed to train him, let alone exercised deliberate indifference in this failure.

Further, and alone fatal to any such claim, Plaintiffs have failed to allege similar violations by other untrained officials of the City-Parish so as to establish any deliberate indifference on the part of the City-Parish.[41] Here, Plaintiffs have failed to allege **any prior incidents** in support of their claim, let alone **any similar prior incidents**. This is simply insufficient to articulate a deliberate indifference/"failure to train" §1983 claim here.[42]

Accordingly, even when read generously, the Plaintiffs' Complaint fails to articulate a plausible claim for §1983 liability against the City-Parish under a deliberate indifference/"failure-to-train" theory.

### iv. There is no vicarious liability under §1983.

Nor can the City-Parish be held vicariously liable for any alleged violation committed by Mr. Judge or any other member of the Library Board, for the simple reason that §1983 does not provide for vicarious liability. "Section 1983 does not create supervisory or *respondeat superior* liability."[43] Further, "state vicarious liability doctrines are inapplicable in §1983 suits."[44] A parish

---

[41] *See Davidson v. AT&T Mobility, LLC*, 2018 U.S. Dist. LEXIS 46199, at *16 (N.D.Tex. Mar. 21, 2018) (dismissing 1983 failure to train claim where no pattern of similar conduct by other untrained officials alleged); *Huff v. Refugio Cty. Sheriff's Dep't*, 2013 U.S. Dist. LEXIS 146204, at *18 (S.D.Tex. Oct. 9, 2013) (same).

[42] *See Skinner v. Ard*, 519 F.Supp.3d 301, 316 (M.D.La. 2021) (dismissing "failure to train" claim where only an unspecified number of prior incidents were alleged and where there were no allegations regarding similarity); *Tutrix v. Travis*, 595 F.Supp.3d 488, 504 (M.D.La. 2022) (finding plaintiff had failed to plausibly allege "failure to train" where complaint did not failed to demonstrate a pattern of similar constitutional violations by untrained employees).

[43] *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).

[44] *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979).

#101140637v2

is only liable under §1983 for acts for which it is actually responsible.[45] Put simply, even if the Plaintiffs have plausibly alleged a §1983 claim against Mr. Judge, the City-Parish cannot be held vicariously liable in relation to this claim.

### v.    Plaintiffs do not plausibly allege the "moving force" element.

As the Plaintiffs have failed in their burden of pleading the existence of a policymaker and policy, they correspondingly fail to allege that such a "policy" was the moving force behind the alleged violations of their rights. In fact, the only connection alleged between the purported violations of the Plaintiffs right under the Constriction and the Louisiana Open Meetings Law and the City-Parish is the fact that the City-Parish appoints the members of the Library Board of Control, including Mr. Judge. This is simply insufficient to articulate a claim under § 1983 against the City-Parish.

The members of the Library Board, Mr. Judge included, are not employees of the City-Parish.[46] Further, the Louisiana Attorney General has opined that, as appointees for a stated term, the members of the Library Board, which includes Mr. Judge, may not be removed from their appoint position before their term expires, except for cause.[47] In sum, beyond the power to appoint members of the Library Board, the City-Parish has no statutory authority to govern the Library Board's operations or the actions of its members.

---

[45] *Grech*, 335 F.3d at 1329.

[46] La. Rev. Stat. § 25:215(A) grants the Library Board the authority to hire and fire library employees and to establish their terms of employment. *See also* La. Atty. Gen. Op. No. 08-119 ("The Board is empowered to adopt employment policies concerning library staff, including the proposed policy. Pursuant to R.S. 25:215, the Board is given the exclusive authority to hire its employees, and to establish rules and regulations governing such employment.").

[47] La. Atty. Gen. Op. No. 01-29; La. Atty. Gen. Op. No. 95-452.

The case of *Harris v. Monroe County Public Library Board of Trustees* is instructive here.[48] In *Harris*, the United States District Court for the Southern District of Alabama addressed, among other things, a motion to dismiss filed by the Monroe County Commission.[49] The plaintiff in *Harris* was a former employee of the Monroeville Library who was terminated and subsequently sued.[50] The plaintiff in *Harris* raised, among other claims, claims under §1983 against the Monroe County Public Library Board of Trustees, which oversaw the Monroeville Library, the individual members of that board, and the Monroe County Commission.[51] Ultimately, the court in *Harris* dismissed the §1983 allegations against the Monroe County Commission because the only allegation that the plaintiff therein had asserted against the Commission was that it had appointed the members of the board of trustees.[52]

Here, as in *Harris*, the allegation that the City-Parish appoints the members of the Library Board is simply insufficient to support a §1983 action against the City-Parish. Accordingly, Plaintiffs have failed to adequately and plausibly allege this essential element of a §1983 action against the City-Parish as well.

### vi.    Dismissal of this claim with prejudice is warranted.

Plaintiffs have failed to establish any of the necessary elements of a §1983 action against the City-Parish. As such, this claim is not plausibly alleged, the Plaintiffs have failed to state a cause of action for same, and dismissal is warranted.

---

[48] 2020 U.S. Dist. LEXIS 91200, at *16-17 (S.D.Ala. May 22, 2020).

[49] *Id*. at *1.

[50] *Id*. at *5-6.

[51] *Id*. at *8.

[52] *Id*. at *16.

13

Further, dismissal with prejudice is warranted because the Plaintiffs can prove no set of facts in support of this claim that would entitle them to relief.[53] It is simply not the policies or acts of the City-Parish that allegedly caused the alleged violations of the Plaintiffs' rights, and there is no vicarious liability under §1983. As such, the Plaintiffs cannot allege any facts that would entitle them to relief against the City-Parish under §1983. Accordingly, dismissal with prejudice is appropriate.

C.    *Plaintiffs Fail to State a Claim Against the City-Parish for Violation of the Louisiana Open Meetings Law*

Plaintiffs also fail to allege a plausible claim against the City-Parish for violation of the Louisiana Open Meetings Law. Quite simply, the Plaintiffs complain about a meeting of the Library Board, is not a meeting of the City Council, Parish Council, or any committee or subcommittee thereof.

Pursuant to Louisiana Open Meetings Law, La. Rev. Stat. ann. §42:11, *et seq.*, every meeting of a public body is to be open to the public unless it is permitted by statute to be closed.[54] The Louisiana Attorney General has interpreted the Louisiana Open Meetings Law to extend to library boards of control.[55] Notably, the Open Meetings Law does not prohibit the removal of any person or persons who willfully disrupt a public meeting to the extent that orderly conduct of the meeting is seriously compromised.[56]

---

[53] *Goodley v. Reno*, 1996 U.S. App. LEXIS 44740, at *2 (5th Cir. Mar. 1, 1996) (dismissal with prejudice under Rule 12(b)(6) appropriate if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief); *Guerrero v. Hauck*, 502 F.2d 579, 580 (5th Cir. 1974) (same).

[54] La. Rev. Stat. ann. §42:14.

[55] La. Atty. Gen. Op. No. 1990-607.

[56] La. Rev. Stat. ann. §42:17(C).

#101140637v2

Here, Plaintiffs do not allege a violation of the Open Meetings Law by the City-Parish. As previously set forth in this memorandum, the Library Board is empowered to set its own rules for governance and it conducts its own meetings. The City-Parish is not empowered under state law to call or conduct meetings of the Library Board. Brevis attended, and was ejected from, a **meeting of the Library Board**, not the City-Parish. There is simply no allegation in the Complaint that can be reasonably read to state a plausible claim for relief against the City-Parish under the Louisiana Open Meetings Law.

Further, it bears noting that the allegations of the Plaintiffs' Complaint make clear that Brevis used potentially inflammatory language when speaking at the meeting of the Library Board on January 9, 2023.[57] The Louisiana Open Meetings Law does not require public bodies to tolerate willfully disruptive conduct that seriously compromises the orderly conduct of their meetings.[58] Given the admitted language used by Brevis in speaking at the meeting, it is not unreasonable to conclude that her public commentary may have been disruptive to the point of necessitating her removal from the Library Board meeting. Accordingly, this further weighs against the Plaintiffs having stated a plausible claim for relief under the Louisiana Open Meetings Law at all, let alone against the City-Parish who, again, had no control over the meeting.

The Plaintiffs have no claim against the City-Parish for a violation of the Louisiana Open Meetings Law. Thus, they correspondingly and axiomatically have no claim for any civil penalties for such a violation pursuant to La. Rev. Stat. ann. §42:28.[59]

---

[57] R. Doc. 1, ¶ 33.

[58] *Rushing v. Se. La. Univ.*, 22-0032 (La.App. 1 Cir. 9/16/22), 2022 La. App. Unpub. LEXIS 126.

[59] It bears noting here that the Plaintiffs also fail to allege any legal premise upon which the City-Parish could be held vicariously liable for any violation of the Louisiana Open Meetings Law committed by Mr. Judge, to the extent that one has actually been committed.

As the Plaintiffs have failed to alleged facts that support a plausible claim for relief against the City-Parish under the Louisiana Open Meetings Law, they fail to state a claim for which relief can be granted and, as such, the City-Parish is entitled to have this claim dismissed. Further, since it is a meeting of the Library Board – not the City-Parish – that is the genesis of the alleged violations of the Plaintiffs' rights, there are no facts that the Plaintiffs can allege that would entitle them to relief against the City-Parish under the Louisiana Open Meetings Law. Accordingly, dismissal with prejudice is appropriate here.

### D.      Plaintiffs Fail to State a Claim Against the City-Parish for Declaratory Relief

For the same reasons provided herein demonstrating that the Plaintiffs have no claim against the City-Parish under §1983 and the Louisiana Open Meetings Law, the Plaintiffs have no claim against the City-Parish for "[d]eclaratory relief stating that Defendants' policies and practices violate the First Amendment and the Louisiana Open Meetings Laws, facially and as applied."[60] Again, it is not the policies and practices of the City-Parish that allegedly caused the alleged violations of the Plaintiffs' rights. Likewise, it is not a meeting of the City-Parish, or any committee or subcommittee thereof, from which Brevis was ejected. As there are no set of facts that the Plaintiffs could allege that will change these basic truths, this claim for declaratory relief against the City-Parish should be dismissed with prejudice.

### E.      Plaintiffs Fail to State a Claim Against the City-Parish for Prohibitory Injunctive Relief

For the very same reasons that the Plaintiffs have no claim against the City-Parish for declaratory relief, they have no claim against the City-Parish for "[i]njunctive relief prohibiting Defendants from enforcing the policies and practices above that violate the First Amendment and

---

[60] R. Doc. 1, p. 14.

#101140637v2

the Louisiana Open Meetings law."[61] The Library Board sets the policies and procedures for this governance and the conduct of its meetings. It is Mr. Judge, in his role as President of the Library Board, who implements and enforces these policies and procedures. **Plaintiffs are not entitled to seek an injunction to prevent the City-Parish from enforcing rules that it does not even enforce in the first place**.

Furthermore, to obtain permanent injunctive relief, as the Plaintiffs appear to pray for, they are required to demonstrate that (i) they suffered an irreparable injury, (ii) remedies available at law, such as monetary damages, are inadequate to compensate for the injury, (iii) considering the balance of hardship between Plaintiffs and the defendants, a remedy in equity is warranted, and (iv) the public interest would not be disserved by a permanent injunction.[62]

Here, Plaintiffs fail to allege facts sufficient to establish several of these elements and, therefore, fail to state a plausible claim for injunctive relief against the City-Parish or its co-defendant. Importantly, the Plaintiffs' request for injunctive relief, which must be predicated on the non-compensability of their injuries, appears to **directly conflict with their prayer for compensatory damages**. If, as Plaintiffs claim, the alleged violations of their rights are compensable with monetary damages, then they have a remedy at law and are not entitled to injunctive relief.[63]

Accordingly, for the foregoing reasons, the Plaintiffs have failed to allege sufficient facts to state a plausible claim for relief against the City-Parish for prohibitory injunctive relief. Further,

---

[61] R. Doc. 1, p. 14.

[62] *ITT Educ. Servs. v. Arce*, 533 F.3d 342, 347 (5th Cir. 2008).

[63] *See Republic Ins. Co. v. Hous. Auth. of New Orleans*, 2013 U.S. Dist. LEXIS 64386, at *31-32 (E.D.La. May 2, 2013) (permanent injunction denied where injury compensable with money damages).

given that it is not the City-Parish's policies of which the Plaintiffs complain, and the City-Parish has no role in enforcing the complained of policies, there is no set of facts that the Plaintiffs could allege so as to state a claim against the City-Parish for the requested prohibitory injunctive relief. As such, this claim against the City-Parish should be dismissed with prejudice.

### F.    *Plaintiffs Fail to State a Claim Against the City-Parish for Mandatory Injunctive Relief*

Plaintiffs' claim for mandatory injunctive relief requiring the City-Parish to "ensure adequate training" fails for the same reasons that the Plaintiffs prayer for prohibitory injunctive relief against the City-Parish fails. Again, Plaintiffs do not complain about the policies or actions of the City-Parish. And, the City-Parish has no responsibility vis-à-vis training the Library Board. As previously stated herein, the Library Board sets and enforces its own policies and procedures.

Accordingly, Plaintiffs fail to state a plausible claim for relief against the City-Parish for mandatory injunctive relief. As there is no set of facts that the Plaintiffs could allege that would entitle them to their requested mandatory injunction against the City-Parish, this claim also should be dismissed with prejudice.

### G.    *Plaintiffs Fail to State a Claim Against the City-Parish for Compensatory Damages*

"The basic purpose of section 1983 damages is to compensate persons for injuries that are caused by the deprivation of constitutional rights."[64] "Compensatory damages under §1983 are governed by common law tort principles."[65] "Compensatory damages include both special damages such as medical expenses, loss of wages, and lost future earnings, as well as general

---

[64] *Paternostro v. Crescent City Connection Police Dep't*, 2002 U.S. Dist. LEXIS 28835, at *47 (E.D.La. Apr. 2, 2002).

[65] *Id*. (citing *Stockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994)).

damages for pain and suffering and emotional distress."[66] However, damages for emotional harm are recoverable only when a sufficient causal connection exists between the alleged violation and the alleged injury.[67] Mere proof of a violation of a right will not support an award of compensatory damages, proof of injury must be shown.[68]

Although the Plaintiffs allege that the removal of Brevis from the Library Board meeting violated her constitutional rights,[69] they do not allege any injury to her that would give rise to a claim for general or special damages. Nowhere in the Complaint do they allege that Brevis suffered any physical or psychic injury. Accordingly, the Complaint, in fact, fails to state a plausible claim for compensatory damages against anyone, the City-Parish included.

Specific to the City-Parish, the Complaint fails to state a plausible claim for compensatory damages because, as set forth in the foregoing sections of this memorandum, the Complaint fails to state a plausible claim for relief against the City-Parish under §1983.

### H.    Plaintiffs Fail to State a Claim Against the City-Parish for Attorneys' Fees and Costs

A prevailing party in a §1983 action is entitled to an award of attorneys' fees and costs.[70] But, since the Plaintiffs have no plausible claim against the City-Parish under the §1983, they have no claim for attorneys' fees and costs under this statute.

---

[66] *Id*. at *48.

[67] *Santamaria v. Dall. Indep. Sch. Dist.*, 2006 U.S. Dist. LEXIS 83417, at *161 (N.D.Tex. Nov. 16, 2006) (citing *Patterson v. P.H.P. Healthcare Corp*., 90 F.3d 927, 938 (5th Cir. 1996)).

[68] *Ryland v. Shapiro*, 708 F.2d 967, 976 (5th Cir. 1983).

[69] R. Doc. 1, ¶ 64.

[70] *Frierson v. City of Terrell*, 2005 U.S. Dist. LEXIS 15662, at *2-3 (N.D.Tex. Aug. 1, 2005).

#101140637v2

Similarly, pursuant to La. Rev. Stat. ann. §42:26(C), if a party that brings an enforcement proceeding under the Louisiana Open Meetings Law prevails, it is entitled to an award of reasonable attorney's fees and costs. Again, however, since the Plaintiffs have no plausible claim against the City-Parish under the Louisiana Open Meetings Law, they have no claim for attorneys' fees and costs under this statute.

As the Plaintiffs do not have a plausible claim for relief against the City-Parish under either §1983 or the Louisiana Open Meetings Law, they have no plausible claim for an award of attorneys' fees and costs under either of these statutes against the City-Parish. Thus, Plaintiffs' claim for an award of attorneys' fees and costs from the City-Parish should also be dismissed with prejudice.

I.    ***Plaintiffs Have No Cause of Action for Punitive Damages Against the City-Parish***

In their Complaint, Plaintiffs pray for an award of punitive damages against Mr. Judge in his individual capacity.[71] Although the Plaintiffs do not appear to be asserting a claim against the City-Parish for punitive damages, it bears noting here that such a claim is barred under the United States Supreme Court's decision in *Newport v. Fact Concerts*.[72] As this Court has recently and succinctly held, punitive damages under §1983 are "unavailable from a municipality."[73]

---

[71] R. Doc. 1, p. 14.

[72] 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

[73] *Alexander v. City Police of Lafayette*, 2021 U.S. Dist. LEXIS 183464, at *10-11 (W.D.La. Sep. 23, 2021) (Summerhays, J.).

## III.    CONCLUSION

For the foregoing reasons, the Plaintiffs wholly fail to state a single plausible claim for relief against the City-Parish. Furthermore, no facts can possibly be alleged that would raise these claims to the requisite level of plausibility. Accordingly, this Court should grant this motion, and dismiss all claims asserted by the Plaintiffs against the City-Parish in the complaint, with prejudice.

Respectfully Submitted:

*/s/ David M. Kerth*

**David M. Kerth (La. Bar No. 25126), T.A.**
**Henry S. Rauschenberger (La. Bar No. 37834)**
**Jones Walker LLP**
445 North Boulevard; Ste. 800
Baton Rouge, LA 70802
Telephone: (225) 248-2048
Facsimile: (225) 248-3048
dkerth@joneswalker.com
hrauschenberger@joneswalker.com

-and-

**Jane H. Heidingsfelder (La. Bar No. 28604)**
**Jones Walker LLP**
201 St. Charles Ave.
New Orleans, LA 70170-5100
Telephone: (504) 582-8306
Facsimile: (504) 589-8306
jheidingsfelder@joneswalker.com

-and-

**Gregory J. Logan (La. Bar No. 23395)**
**Lafayette City-Parish Attorney**
700 Jefferson St.
Post Office Box 52704
Lafayette, LA 70505
Telephone: (337) 406-9685
greg@loganfirm.com

***Counsel for Lafayette City-Parish Consolidated Government, erroneously identified as "Lafayette Consolidated Government"***

21

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a copy of the foregoing was served on all counsel of record

using the Court's CM/ECF system, and by United States Mail, postage prepaid and properly

addressed, this 31st day of March, 2023.

_____ */s/ David M. Kerth* _____

22