UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LILLIAN LYNETTE MEJIA ET AL** | **CASE NO. 6:23-CV-00307** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LAFAYETTE CONSOLIDATED GOVERNMENT ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Daniel Kelly's ("Kelly"), in his official capacity as President of the Lafayette Public Library Board of Control, Motion to Dismiss (Rec. Doc. 69). Plaintiffs oppose the Motion (Rec. Doc. 91), Kelly replied (Rec. Doc. 92), and Plaintiffs filed a Sur-Reply (Rec. Doc. 95). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is RECOMMENDED that Kelly's Motion to Dismiss be GRANTED in part and DENIED in part.

## Factual Background

Plaintiffs filed this 42 U.S.C. § 1983 action against the Lafayette Consolidated Government ("LCG") and Robert Judge, in his official and individual capacities as

President of the Lafayette Public Library Board of Control, on March 7, 2023, seeking declaratory relief, injunctive relief, and damages alleging violation of their First Amendment rights as well as the Louisiana Open Meetings Law. (Rec. Doc. 1). On December 29, 2023, Plaintiffs filed a Motion for Leave to Amend Complaint seeking to add, in relevant part, Kelly. (Rec. Doc. 33). On February 26, 2024, the Motion was granted. (Rec. Doc. 49).

According to the Amended Complaint, Kelly is the current President of the Lafayette Public Library Board of Control ("LBOC") and final policymaker who is responsible for establishing and adopting library board of control policies, establishing goals and objectives for the library, and serving as an intermediary between the library and the community. (Rec. Doc. 50, ¶ 9). Plaintiffs contend that Kelly, as the new President, presides over meetings and maintains the unconstitutional policies implemented by the prior President ("Judge"), including posting Louisiana Revised Statute 14:103 on the entryway to the LBOC. (*Id*. at ¶ 46). Plaintiffs contend that these policies and actions violate the First Amendment and the Louisiana Open Meetings Law. (*See* Rec. Doc. 50). Pertinent to this matter, Counts One through Four of Plaintiffs' First Amended Complaint allege that the policies implemented and/or enforced by Kelly are unconstitutional and violate the First Amendment because they are overly broad, vague, and content and viewpoint-based restraints on speech. (*Id*. at ¶¶ 49-72). In Count Six of the First Amended

Complaint, Plaintiffs allege that Plaintiff Brevis's rights under the Louisiana Open Meetings Law were violated when she was ejected from the LBOC Meeting. (*Id.* at ¶¶ 76-79). Plaintiffs seek declaratory and injunctive relief, as well as nominal and compensatory damages. (*Id.* at ¶ 9).

Kelly maintains that he should be dismissed from this case because (1) the policies implemented by and enforced at the LBOC meetings are not unconstitutional; (2) he is not the final policymaker of the LBOC; and (3) the claims against him are redundant because LCG has also been named in the suit. (Rec. Doc. 69-1). Lastly, Kelly requests that the Louisiana Open Meetings Law claim against him be dismissed because he was not President at the time of the January 9, 2023 meeting, and Plaintiffs "failed to allege any facts suggesting [Kelly] had any involvement in that event or that he was present at that meeting." (*Id.* at p. 6). Kelly also asserts qualified immunity "[t]o the extent Plaintiffs intended to also assert § 1983 claims against [Kelly] in his individual capacity;" (*Id.* at p. 3) however, as Kelly is named only in his official capacity, the Court need not address the issue of qualified immunity.

## Applicable Law

I. **Law applicable to Rule 12(b)(6)**

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the

pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir. 2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-

36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic v. Twombly*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap*, 541 F.3d 584, 587 (5th Cir. 2008).

## II. Free Speech Claims

Per Kelly, "the only factual allegation against [Kelly] is that he has continued the practice of posting LSA-R.S. 14:103 on the entrance to LBOC meetings." (Rec. Doc. 69-1, p. 3.). Kelly argues that "[t]here is no constitutional violation for continuing to post a statute properly passed by the Louisiana Legislature and signed into law by the governor of Louisiana." (*Id*.). However, Plaintiffs allegations against Kelly are that he "presides over meetings and maintains the unconstitutional policies implemented by Defendant Judge, *including* posting Louisiana Revised Statute 14:103 on the entryway to Board of Control meetings." (Rec. Doc. 50, ¶ 46)(emphasis added). Plaintiffs allege a multitude of polices they contend are unconstitutional, not just the posting of Louisiana Revised Statute 14:103. (*See* Rec. Doc. 50). Kelly does not address these other policies.

Having recently addressed Plaintiffs' constitutional claims, the Court hereby incorporates by reference, as if set forth fully herein, the factual background and analysis delineated in Section IV(B) of the Report and Recommendation (Rec. Doc. 104) filed in this matter on September 26, 2024. Because the issues, law, and application raised in Kelly's motion are substantially similar to those raised in the LPSO Defendants' Motion to Dismiss (Rec. Doc. 53), for the reasons set forth in the September 26, 2024 Report and Recommendation (Rec. Doc. 104), the Court finds

that Plaintiffs have alleged enough facts to state the constitutional claims raised in Counts One through Four of the Amended Complaint.

### III. Claims against Kelly in his official capacity.

Kelly also asserts that he is not a permissible defendant because he is not the final policymaker of the LBOC and the claims against him are redundant as LCG has also been named in the suit. (Rec. Doc. 69-1).

#### A. LBOC Final Policymaker.

Kelly points to the LBOC Bylaws wherein a majority of the votes of a quorum of the Board "shall be necessary for the passage of any business before the Board." (Rec. Doc. 69-1, p. 5). Because Kelly has only one vote, he contends that he is not the final policymaker of the LBOC and thus not liable for any LBOC policies. (*Id.*). Kelly concedes, however, that as President of the LBOC, he "presides over meetings, appoints all committees and makes decisions on procedural issues that arise during LBOC meetings." (*Id.*).

Plaintiffs seek injunctive and declaratory relief against Kelly for the adoption and continued enforcement of alleged unconstitutional policies, namely the restrictions placed on the public during the public comment portion of LBOC meetings. (Rec. Docs. 50 & 91, p. 8). Plaintiffs maintain "[i]t is wholly irrelevant that Kelly only has one vote pursuant to the Bylaws. Kelly presides over LBOC meetings, including specifically the public comment portion of meetings" where "he

can enforce public comment rules and silence speakers." (Rec. Doc. 91, p. 8). Plaintiffs also note that the Court has previously rejected that the LBOC President is not the final policymaker at the Motion to Dismiss stage[1]. (*Id.*). This Court agrees and finds that Kelly's role and relationship has been sufficiently pleaded.

### B. <u>Legal Redundancy</u>.

Kelly further maintains that the claims against him are redundant of the claims against LCG and should thus be dismissed. (Rec. Doc. 69-1, p. 5). Kelly is sued in his official capacity as president of the LBOC. Suing a municipal official in his or her official capacity is simply another way of alleging municipal liability. *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 690 n. 55 (1978). Accordingly, any claims against Kelly could be treated as claims against LCG if LCG is indeed the governing body of the LBOC.

Plaintiffs point to *McHugh v. St. Tammany Par.*, No. CV 24-1300, 2024 WL 3161873 (E.D. La. June 25, 2024) as an analogous case. While not binding, this Court agrees with the analysis and holding in the case. As summarized by the *McHugh* Court:

> It is true that the official-capacity claims against [the defendant] are, "in all respects other than name, to be treated as [claims] against" [the municipality]. *Jefferson Cmty. Health Care Ctrs., Inc.*, 849 F.3d at 624 (citations and quotation marks omitted). And it is true that the Court

---

[1] In denying LCG's Motion to Dismiss, the Court found that the Complaint sufficiently pleaded Defendant Judge's (prior LBOC President) status as a final policymaker and the role of the LBOC within LCG noting that future motions challenging said relationships could be filed upon additional evidence discovered. (Rec. Doc. 48, p. 22, lns.2-8).

8

has discretion to dismiss official-capacity claims as redundant if they "seek identical relief as claims against a governmental entity." *Notariano v. Tangipahoa Par. Sch. Bd.*, 266 F. Supp. 3d 919, 928 (E.D. La. 2017) (citation omitted).

But dismissing official-capacity claims as redundant is discretionary; it is not required. *See, e.g.*, *Owens v. District of Columbia*, 631 F. Supp. 2d 48, 54 (D.D.C. 2009) (observing that "there is no requirement" that an official-capacity claim against a government official be dismissed as redundant of the claim against the government entity); *Roy v. Cnty. of Los Angeles*, 114 F. Supp. 3d 1030, 1047 (C.D. Cal. 2015) (concluding that the "permissive, not mandatory," language used in "cases discussing dismissal of redundant defendants" "suggest[s] that dismissal of official capacity suits is not required" (citations omitted)). After all, Rule 12(b)(6) motions ask whether a complaint contains well-pleaded factual allegations sufficient to state a plausible claim for relief; a claim that is redundant does not necessarily fail Rule 8(a)(2)'s pleading standard. *See generally, e.g.*, *Crighton v. Schuylkill Cnty.*, 882 F. Supp. 411, 415 (E.D. Pa. 1995) (distinguishing a redundant claim from a claim that should be dismissed under Rule 12(b)(6)). And [the defendant], for his part, cites no binding precedent supporting the proposition that the Court *must* dismiss the official-capacity claims against him if the Court determines that those claims are indeed redundant.

What is more, courts often decline to exercise their discretion to dismiss as redundant official-capacity claims for prospective injunctive relief against government officials. *See, e.g.*, *Barnett v. Baldwin Cnty. Bd. of Educ.*, 60 F. Supp. 3d 1216, 1235–36 (S.D. Ala. 2014) (declining to dismiss official-capacity claims for prospective injunctive relief asserted against members of a county board of education as redundant of the claims asserted against the board itself). That is particularly true where, as here, the official-capacity request for injunctive relief is asserted against an elected official who is alleged to have played a "central role" in the case. *See, e.g.*, *Mille Lacs Band of Ojibwe v. Cnty. of Mille Lacs, Minn.*, 650 F. Supp. 3d 690, 708–11 (D. Minn. 2023) (declining to dismiss official-capacity claims for injunctive relief asserted against county officials as redundant of the claims asserted against the county where the officials were "the primary actors" who

9

> played a "central role" in the case, and it was "not entirely clear" whether the officials were county employees).

*McHugh v. St. Tammany Par.,* No. CV 24-1300, 2024 WL 3161873, at *6–7 (E.D. La. June 25, 2024)(cleaned up).

The *McHugh* Court declined to dismiss the defendant from the case finding that he had not carried his burden to persuade the court to exercise its discretion to dismiss. *Id.* This Court reaches the same conclusion with Kelly. Plaintiffs seek, in part, to enjoin the LBOC from enforcing the alleged unconstitutional policies and practices at LBOC meetings. (Rec. Doc. 50, p. 17). Kelly concedes that he, as President of the LBOC, is tasked with running said meetings. (Rec. Doc. 69-1, p. 5). Accordingly, the Court finds that Kelly is a "primary actor" and plays a "central role" in this case. *See McHugh*, No. CV 24-1300, 2024 WL 3161873, at *7.

Lastly, LCG has already challenged its role in this suit arguing that it "has no statutory authority to govern the [LBOC's] operations or the actions of its members." (*See* Rec. Doc. 11; Rec. Doc. 11-1, p. 12). While the Court denied LCG's Motion to Dismiss because it found that the Complaint sufficiently pleaded the role of the LBOC within LCG, it noted that future motions challenging said relationship could be filed upon additional evidence discovered. (Rec. Doc. 48, p. 22, lns.2-8). Accordingly, it is also premature to dismiss Kelly for redundancy at the pre-discovery, pleading stage. The Court thus recommends denying Kelly's motion to dismiss the claims against him as redundant.

### IV. Louisiana Open Meetings Law

Plaintiffs contend that the silencing and ejection of Plaintiff Brevis from the LBOC meeting constitutes a violation of her rights under the Louisiana Open Meetings Law. (Rec. Doc. 50, ¶¶ 76-79). Kelly maintains that he was not president at the time of the January 9, 2023 meeting, and Plaintiffs "failed to allege any facts suggesting [Kelly] had any involvement in that event or that he was present at that meeting." (Rec. Doc 69-1 at p. 6). Plaintiffs do not name specific defendants in their Louisiana Open Meetings Law count. (*See* Rec. Doc. 50, ¶¶ 76-79). In response to Kelly, Plaintiffs clarify and note that they "do not make a claim against Kelly for Open Meetings Law violations." (Rec. Doc. 91, p. 6). Accordingly, to the clear up any potential ambiguities, it is recommended that Kelly's request to dismiss him from Count 6 of the Amended Complaint be granted to the extent that said count includes him.[2]

### Conclusion

For the reasons discussed herein, it is recommended that Kelly's Motion to Dismiss be GRANTED in part and DENIED in part. Specifically, the Court recommends denying Kelly's Motion in part, whereby all federal Constitutional

---

[2] Kelly requests attorney's fees and costs asserting that Plaintiffs' claims against him are frivolous. The Court does not find Plaintiffs' claims frivolous. Accordingly, this request is denied.

claims against him remain but granting Kelly's Motion in part, whereby all claims against him arising under state law are dismissed.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 3rd day of October, 2024.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE