UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

LILLIAN LYNETTE MEJIA and
MELANIE BREVIS

CIVIL ACTION NO. 6:23-CV-00307

VERSUS

JUDGE ROBERT R. SUMMERHAYS

LAFAYETTE CONSOLIDATED
GOVERNMENT, ET AL

MAGISTRATE JUDGE DAVID J. AYO
*Electronically Filed*

*********************************************************************

## ANSWER TO FIRST AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes and appears, Defendant, Mr.

Robert Judge, who, in response to the First Amended Complaint filed on behalf of Plaintiffs, Lillian

Lynette Mejia and Melanie Brevis, respectfully avers as follows:

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff Mejia lacks standing to assert some or all of the claims set forth in the First

Amended Complaint.

### THIRD DEFENSE

Mr. Judge is entitled to qualified immunity.

### FOURTH DEFENSE

Mr. Judge requests a trial by jury.

**AND NOW**, in response to the specific allegations of Plaintiffs' First Amended Complaint,

Mr. Judge avers as follows:

-1-

1.

The allegations contained in paragraph 1 of Plaintiffs' First Amended Complaint are denied.

2.

The allegations contained in paragraph 2 of Plaintiffs' First Amended Complaint are denied.

3.

Defendant admits this Court has jurisdiction based upon the allegations contained in Plaintiffs' First Amended Complaint.

4.

Defendant admits venue is proper in this Court.

5.

The allegations contained in paragraph 5 of Plaintiffs' First Amended Complaint are denied for lack of information sufficient to justify a belief therein.

6.

The allegations contained in paragraph 6 of Plaintiffs' First Amended Complaint are denied for lack of information sufficient to justify a belief therein.

7.

No response from Defendant is required for the allegations contained in paragraph 7 of Plaintiffs' First Amended Complaint. To the extent a response is required, the allegations are denied as written.

8.

Mr. Judge admits he was the previous President of the Board and is a resident of Lafayette Parish, Louisiana. The remaining allegations contained in paragraph 8 of Plaintiffs' First Amended

Complaint are denied as written.

9.

Mr. Judge admits that Mr. Kelly is the current President of the Board. The remaining allegations contained in paragraph 9 of Plaintiffs' First Amended Complaint are denied as written.

10.

Mr. Judge admits that Mark Garber is the current Sheriff of Lafayette Parish. The remaining allegations contained in paragraph 10 of Plaintiffs' First Amended Complaint are denied as written.

11.

The allegations contained in paragraph 11 of Plaintiffs' First Amended Complaint are denied for lack of information sufficient to justify a belief therein.

12.

The allegations contained in paragraph 12 of Plaintiffs' First Amended Complaint are denied for lack of information sufficient to justify a belief therein.

13.

Mr. Judge admits he was appointed to the Board in approximately February of 2021.

14.

Mr. Judge admits he was the previous President of the Board. The remaining allegations contained in paragraph 14 of Plaintiffs' First Amended Complaint are denied for vagueness and lack of information sufficient to justify a belief therein.

15.

Mr. Judge admits that meetings of the Board include opportunities for limited public comments concerning an item being considered for adoption by the Board, an item on the agenda,

amendments and non-agenda items related to library business, because the meetings of the Board are limited public forums.

16.

The allegations contained in paragraph 16 of Plaintiffs' First Amended Complaint are denied as written. The meetings of the Board are limited public forums.

17.

The allegations contained in paragraph 17 of Plaintiffs' First Amended Complaint are denied. Said allegations are also irrelevant.

18.

The allegations contained in paragraph 18 of Plaintiffs' First Amended Complaint are denied for lack of information sufficient to justify a belief therein. Said allegations are also irrelevant.

19.

The allegations contained in paragraph 19 of Plaintiffs' First Amended Complaint are denied for lack of information sufficient to justify a belief therein. Said allegations are also irrelevant.

20.

The allegations contained in paragraph 20 of Plaintiffs' First Amended Complaint are denied for lack of information sufficient to justify a belief therein. Said allegations are also irrelevant.

21.

Defendant admits that members of the public frequently attend Board meetings and some oppose Defendant and Board policy proposals. Defendant denies attempts at improper censorship.

22.

Defendant admits portions of LSA-R.S. 14:103 have been posted on the entry doors of the

library for transparency.   There is no prohibition against posting statutes lawfully passed by the Louisiana legislature and signed into law by the Governor. Further, Mr. Judge is entitled to qualified immunity regarding this allegation.

23.

The allegations contained in paragraph 23 of Plaintiffs' First Amended Complaint are denied for lack of information sufficient to justify a belief therein.

24.

The allegations contained in paragraph 24 of Plaintiffs' First Amended Complaint contain legal conclusions and are denied for lack of information sufficient to justify a belief therein.

25.

Defendant admits that the Board retained security for the public Board meetings. The remaining allegations contained in paragraph 25 of Plaintiffs' First Amended Complaint are denied. The allegations are also irrelevant.

26.

The allegations contained in paragraph 26 of Plaintiffs' First Amended Complaint are denied as written.

27.

The allegations contained in paragraph 27 of Plaintiffs' First Amended Complaint are denied as written.

28.

The allegations contained in paragraph 28 of Plaintiffs' Complaint are denied for lack of information sufficient to justify a belief therein.

29.

Defendant admits that he may not define commonly understood and simple words at public Board meetings.

30.

The allegations contained in paragraph 30 of Plaintiffs' First Amended Complaint are denied as written.

31.

The allegations contained in paragraph 31 of Plaintiffs' First Amended Complaint are denied.

32.

The allegations contained in paragraph 32 of Plaintiffs' First Amended Complaint are denied as written.

33.

Defendant admits that those persons, who speak about Board and/or library policies and business, were not ejected. The remaining allegations contained in paragraph 33 of Plaintiffs' Complaint are denied for lack of information sufficient to justify a belief therein.

34.

The allegations contained in paragraph 34 of Plaintiffs' First Amended Complaint are denied for lack of information sufficient to justify a belief therein.

35.

Mr. Judge admits that he allowed the public to praise and criticize him by name when the Board meeting concerned his reappointment as President. The remaining allegations contained in paragraph 35 of Plaintiffs' First Amended Complaint are denied for lack of information sufficient

to justify a belief therein.

36.

Defendant admits Ms. Brevis spoke at the January 9, 2023 Board meeting.  The remaining allegations contained in paragraph 36 of Plaintiffs' First Amended Complaint are denied as written.

37.

The allegations contained in paragraph 37 of Plaintiffs' First Amended Complaint are denied for lack of information sufficient to justify a belief therein.

38.

The allegations contained in paragraph 38 of Plaintiffs' First Amended Complaint are denied as written.

39.

The allegations contained in paragraph 39 of Plaintiffs' First Amended Complaint are denied for lack of information sufficient to justify a belief therein.

40.

The allegations contained in paragraph 40 of Plaintiffs' First Amended Complaint are denied for lack of information sufficient to justify a belief therein.

41.

The allegations contained in paragraph 41 of Plaintiffs' First Amended Complaint are denied as written.

42.

The allegations contained in paragraph 42 of Plaintiffs' First Amended Complaint are denied as written. Further, comments about the library's "curation policies" and books deal with library

business.

43.

Mr. Judge admits he resigned as President of the Board in August of 2023.

44.

Mr. Judge denies the allegations contained in paragraph 44 of Plaintiffs' First Amended Complaint on the grounds of vagueness and for lack of information sufficient to justify a belief therein. However, Mr. Judge admits that he has remained active as a member of the Board.

45.

The allegations contained in paragraph 45 of Plaintiffs' First Amended Complaint are denied on the grounds of vagueness and for lack of information sufficient to justify a belief therein. Mr. Judge admits that he is still an active member of the Board.

46.

The allegations contained in paragraph 46 of Plaintiffs' First Amended Complaint are denied as written.

47.

The allegations contained in paragraph 47 of Plaintiffs' First Amended Complaint are denied as written.

48.

The allegations contained in paragraph 48 of Plaintiffs' First Amended Complaint are denied.

49.

Mr. Judge realleges and incorporates by reference his responses to the allegations contained in paragraphs 1-48 of Plaintiffs' First Amended Complaint.

50.

Mr. Judge avers that the allegations contained in paragraph 50 of Plaintiffs' First Amended Complaint contain legal conclusions to which a response is not necessary. To the extent a response is necessary, said allegations are denied.

51.

Mr. Judge avers that the allegations contained in paragraph 51 of Plaintiffs' First Amended Complaint contain legal conclusions to which a response is not necessary. To the extent a response is necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

52.

Mr. Judge avers that the allegations contained in paragraph 52 of Plaintiffs' First Amended Complaint contain legal conclusions to which a response is not necessary. To the extent a response is necessary, said allegations are denied.

53.

Mr. Judge avers that the allegations contained in paragraph 53 of Plaintiffs' First Amended Complaint contain legal conclusions to which a response is not necessary. To the extent a response is necessary, said allegations are denied.

54.

Mr. Judge avers that the allegations contained in paragraph 54 of Plaintiffs' First Amended Complaint contain legal conclusions to which a response is not necessary. To the extent a response is necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

55.

Mr. Judge avers that the allegations contained in paragraph 55 of Plaintiffs' First Amended

Complaint contain legal conclusions to which a response is not necessary. To the extent a response is necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

56.

Mr. Judge realleges and incorporates by reference his responses to the allegations set forth in paragraphs 1 - 55 of Plaintiffs' First Amended Complaint.

57.

Mr. Judge avers that the allegations contained in paragraph 57 of Plaintiffs' First Amended Complaint contain legal conclusions to which a response is not necessary. To the extent a response is necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

58.

Mr. Judge avers that the allegations contained in paragraph 58 of Plaintiffs' First Amended Complaint contain legal conclusions to which a response is not necessary. To the extent a response is necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

59.

Mr. Judge avers that the allegations contained in paragraph 59 of Plaintiffs' First Amended Complaint contain legal conclusions to which a response is not necessary. To the extent a response is necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

60.

Mr. Judge avers that the allegations contained in paragraph 60 of Plaintiffs' First Amended Complaint contain legal conclusions to which a response is not necessary. To the extent a response is necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

61.

Mr. Judge realleges and incorporates by reference his responses to the allegations set forth
in paragraphs 1-60 of Plaintiffs' First Amended Complaint.

62.

Mr. Judge avers that the allegations contained in paragraph 62 of Plaintiffs' First Amended
Complaint contain legal conclusions to which a response is not necessary. To the extent a response
is necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

63.

Mr. Judge avers that the allegations contained in paragraph 63 of Plaintiffs' First Amended
Complaint contain legal conclusions to which a response is not necessary. To the extent a response
is necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

64.

Mr. Judge avers that the allegations contained in paragraph 64 of Plaintiffs' First Amended
Complaint contain legal conclusions to which a response is not necessary. To the extent a response
is necessary, said allegations are denied.

65.

Mr. Judge realleges and incorporates by reference his responses to the allegations set forth
in paragraphs 1-64 of Plaintiffs' First Amended Complaint.

66.

Mr. Judge avers that the allegations contained in paragraph 66 of Plaintiffs' First Amended
Complaint contain legal conclusions to which a response is not necessary. To the extent a response
is necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

67.

Mr. Judge avers that the allegations contained in paragraph 67 of Plaintiffs' First Amended Complaint contain legal conclusions to which a response is not necessary. To the extent a response is necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

68.

The allegations contained in paragraph 68 of Plaintiffs' First Amended Complaint are denied as written.

69.

The allegations contained in paragraph 69 of Plaintiffs' First Amended Complaint are denied as written.

70.

Mr. Judge avers that the allegations contained in paragraph 70 of Plaintiffs' First Amended Complaint contain legal conclusions to which a response is not necessary. To the extent a response is necessary, said allegations are denied as written.

71.

Mr. Judge avers that the allegations contained in paragraph 71 of Plaintiffs' First Amended Complaint are denied as written.

72.

Mr. Judge avers that the allegations contained in paragraph 72 of Plaintiffs' First Amended Complaint contain legal conclusions to which a response is not necessary. To the extent a response is necessary, said allegations are denied as written.

73.

Mr. Judge avers that the allegations contained in paragraph 73 of Plaintiffs' First Amended Complaint contain legal conclusions to which a response is not necessary. To the extent a response is necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

74.

Mr. Judge avers that the allegations contained in paragraph 74 of Plaintiffs' First Amended Complaint are denied.

75.

Mr. Judge avers that the allegations contained in paragraph 75 of Plaintiffs' First Amended Complaint are denied.

76.

Mr. Judge realleges and incorporates by reference his responses to the allegations set forth in paragraphs 1-75 of Plaintiffs' First Amended Complaint.

77.

Mr. Judge avers that the allegations contained in paragraph 77 of Plaintiffs' First Amended Complaint contain legal conclusions to which a response is not necessary. To the extent a response is necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

78.

Mr. Judge avers that the allegations contained in paragraph 78 of Plaintiffs' First Amended Complaint contain legal conclusions to which a response is not necessary. To the extent a response is necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

79.

Mr. Judge avers that the allegations contained in paragraph 77 of Plaintiffs' First Amended Complaint contain legal conclusions to which a response is not necessary. To the extent a response is necessary, said allegations are denied.

**AND NOW**, in further response to Plaintiffs' First Amended Complaint, Robert Judge affirmatively avers as follows:

## FIFTH DEFENSE

The comments made by Ms. Brevis at the January 9, 2023 meeting were irrelevant and could lead to disruption of the orderly conduct of the Board's meeting.  Ms. Brevis was advised that her irrelevant and disturbing comments were out of order three times.   Therefore, her claims of vagueness have no merit.

## SIXTH DEFENSE

As a limited public forum, the Board can reasonably limit comments with respect to time, place and manner.

## SEVENTH DEFENSE

The Louisiana Attorney General has issued opinions allowing public boards to restrict speakers from making defamatory or accusatory comments.

## EIGHTH DEFENSE

Mr. Judge avers that if Plaintiffs' suit is found to be frivolous under 42 U.S.C. § 1983, 42 U.S.C. § 1988 entitles Mr. Judge to recover attorneys' fees, expert fees and costs it has and will incur in defending this action through Rule 50 or Rule 52(c) motion pursuant to the Federal Rules of Civil Procedure and/or through trial and specifically requests the Court to leave the note of evidence open

-14-

in this case so that evidence of all attorneys' fees and costs may be submitted to this Court.

### NINTH DEFENSE

Plaintiffs have failed to mitigate their damages.

### TENTH DEFENSE

Mr. Judge reavers and realleges the arguments and evidence set forth in his Motion for Summary Judgment, or alternatively, Motion for Partial Summary Judgment and supporting memorandum.

### ELEVENTH DEFENSE

Mr. Judge adopts the arguments and evidence submitted by the LCG in its Motion for Summary Judgment and supporting memorandum.

### TWELFTH DEFENSE

Mr. Judge  reserves the right to supplement and amend his Answer as discovery continues.

**WHEREFORE**, after due proceedings had, Mr. Judge respectfully prays that a judgment be rendered in his favor dismissing Plaintiffs' claims, with prejudice, and at Plaintiffs' sole costs, plus attorney fees and legal interest.

Mr. Judge also prays for all general and equitable relief.

Respectfully submitted,

**SCOFIELD & RIVERA, L.L.C.**

_s/Bryan D. Scofield_
**BRYAN D. SCOFIELD (#19147)**
**JAMES T. RIVERA (#23913)**
**JESSICA W. MARCHAND (#34160)**
P. O. Box 4422
100 E. Vermilion, Ste. 301
Lafayette, LA  70501
TEL: (337) 235-5353
Email: Bryan@scorivlaw.com
**Attorneys for Robert Judge and Daniel Kelly**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing has this date been filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all attorneys of record by operation of the court's electronic filing system.

Lafayette, Louisiana, this 9th day of December, 2024.

_s/Bryan D. Scofield_
**BRYAN D. SCOFIELD - #19147**

-16-